UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **WILLIAM T. COLLETT**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: _____ |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT FOR DAMAGES IN A CIVIL CASE**

Plaintiff, William T. Collett ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

**PARTIES**

1. William T. Collett is a citizen of Angola, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

## JURISDICTION AND VENUE

5.  Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6.  The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7.  At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8.  Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9.  Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on August 16, 2019 detailing his claim against the Defendant.

13. On March 16, 2020, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two (2) years after the claim accrues, as provided in section 2401(b), title 28, United States Code."

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on June 8, 2018.

16. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on June 8, 2018.

17. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

18. Plaintiff was referred to Dr. Hammersley on June 25, 2014 for a painful left ankle after an injury that occurred six (6) months prior.

19. X-rays revealed a non-acute chip fracture off the distal tip of the left fibula and that the ankle mortise was well-aligned.

20. Dr. Hammersley read the X-ray as showing lateral displacement of the talar dome.

21. On October 24, 2014, Dr. Hammersley performed a fixation of the fibula using screws, repair of syndesmosis and ruptured anterior talofibular ligaments. Dr. Hammersley inserted two screws into the fibula. Dr. Hammersley breached the standard of care during this surgery by performing unnecessary procedures, using incorrectly sized screws, and using a human dermal graft that was unnecessary.

22.     Dr. Hammersley breached the standard of care by not appropriately consenting Plaintiff for the surgery performed.

23.     Dr. Hammersley removed the screws on July 29, 2015.  This surgery was only made necessary by Dr. Hammersley's breach of the standard of care in the previous surgery on October 24, 2014.

24.     According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated June 11, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed the following acts of malpractice and betrayal in connection with podiatry care and services rendered to the Plaintiff:

- Inaccurate Diagnosis
- Lack of or inappropriate diagnostic testing.
- Studies or Imaging do not confirm surgical diagnosis or findings.
- Use of inappropriate implant(s) or hardware during surgery.
- Treatment or Procedure not performed correctly.
- Patient injury related to surgery.

25.     On June 8, 2018, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley.  At the June 8, 2018 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

26.     In the June 11, 2018 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

27.     As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered serious and permanent harm including unnecessary surgery, chronic severe left ankle and foot pain, stiffness in the left ankle, and an inability to perform many activities of daily living.

28. As further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned (from a VA podiatrist, Dr. Becker) that the surgeries were performed inappropriately.

29. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95. If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                Respectfully submitted this 8th day of April 2020,

                "/s/" David L. Farnbauch
                David L. Farnbauch (#11187-45)
                SWEENEY LAW FIRM
                8019-B Lima Road
                Fort Wayne, IN 46818
                (260) 420-3137
                Email: dlf@sweeneylawfirm.com

                "/s/" Nicholas L. King
                Nicholas L. King (#30709-49)
                COWAN & KING, LLP
                P.O. Box 90379
                Indianapolis, IN 46290
                (317) 246-8784
                Email: nlk@cowanandking.com